IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JINLONG PIAO, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-1725 |
| TODD LYONS, *et al.*, | ) ) |
| Respondents. | ) ) |

### MEMORANDUM OPINION AND ORDER

On October 9, 2025, Petitioner Jinlong Piao filed a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition") seeking release from Immigration and Customs Enforcement ("ICE") custody that began on March 26, 2025 on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA") and his constitutional due process rights. Upon consideration of the Petition, the memoranda in support thereof and in opposition thereto, and for the reasons stated below, the Petition is **DENIED**, without prejudice to its renewal based on changed circumstances.

### I.   BACKGROUND

Petitioner is a citizen of China and entered the United States on August 25, 2007 on a lawful F-1 student visa, and he remained in the United States after the expiration of that visa on May 29, 2008. [Doc. No. 1] ¶ 45; [Doc. No. 3-1] ¶ 6. Petitioner has filed for asylum twice, following each of which the Government instituted removal proceedings, the first of which terminated when an Immigration Judge determined that the DHS did not meet its burden to sustain the charge of removability, and the second resulting in an Immigration Judge ordering his removal after Petitioner conceded he was removable under INA § 237(a)(1)(B), 8 U.S.C. §

1227(a)(1)(B). [Doc. No. 1] ¶¶ 2, 47; [Doc. No. 3-1] ¶¶ 7–12. On November 24, 2017, after Petitioner appealed the Immigration Judge's order, the Board of Immigration Appeals (BIA) issued a decision dismissing the appeal, finding that the Immigration Judge did not err in denying the Petitioner's applications for relief. [Doc. No. 3-1] ¶¶ 13–14. Subsequent motions to the Immigration Judge and Board of Immigration of Appeals to reopen removal proceedings were denied on August 7, 2023 and on April 3, 2025. [Doc. No. 1] ¶ 2.[1]

On or about September 28, 2020, a Form I-130, Petition for Alien Relative was filed on behalf of Petitioner, which was approved by USCIS on or about October 22, 2021. *Id.* ¶ 2; [Doc. No. 3-1] ¶ 15.

On March 26, 2025, Petitioner was arrested and taken into ICE custody and transferred to the Caroline Detention Facility in Bowling Green, Virginia, where he remains detained. [Doc. No. 1] ¶¶ 7, 46; [Doc. No. 3-1] ¶ 19.

On May 3, 2025, ICE submitted a formal request for travel documents for Petitioner's return to China, which China approved on October 1, 2025. *Id.* ¶¶ 22, 25. ICE is presently awaiting China's issuance of Petitioner's travel document. *Id.* ¶ 25.

On October 9, 2025, Petitioner filed the Petition, [Doc. No. 1], and Respondents filed an opposition on October 20, 2025, [Doc. No. 3].

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose

---

[1] Petitioner contends that he also submitted a request to have DHS join in a motion to reopen the proceedings based on the approval by USCIS of Form I-130, [Doc. No. 1] ¶ 48, which DHS has not granted. [Doc. No. 3-1] ¶ 18.

of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.   DISCUSSION

Petitioner contends that his detention violates the INA and the Constitution, and seeks an order releasing him from detention, or alternatively a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. [Doc. No. 1] at 15. In opposition, Respondents contend that a bond hearing is not appropriate in these circumstances because Petitioner is detained subject to 8 U.S.C. § 1231 as someone subject to a final order of removal, [Doc. No. 3] at 4, and, under controlling Supreme Court precedent, Petitioner's detention does not violate due process because there is a significant likelihood of removal in the foreseeable future. *Id.* at 5–8.

Petitioner, who has been ordered to be removed from the United States under 8 U.S.C. § 1227(a)(1)(B), is being detained pursuant to 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226, which only applies to individuals, unlike Petitioner, who have a pending removal decision. 8 U.S.C. § 1226(a). *See Doe v. Perry*, No 121CV01364MSNIDD, 2022 WL 1837923 (E.D. Va. Jan. 31, 2022) (holding that once an individual "has been ordered removed, the 'removal period' commences" and 8 U.S.C. § 1231 governs rather than 8 U.S.C. § 1226). Under 8 U.S.C. § 1231(a)(1)-(2), an individual such as the Petitioner, who is subject to a final order of removal, shall be detained during the ninety (90) day "removal period" in order to execute their removal.[2] Under Section 1231(a)(6), a person subject to a final removal order may be detained beyond the

---

[2] Under the statute, the removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

ninety-day removal period under certain conditions. Complicating somewhat the analysis in this case, however, is that the Petitioner was not detained during the ninety-day removal period or immediately after its expiration.

Petitioner's removal period began on November 24, 2017, the date on which BIA issued a decision dismissing Petitioner's appeal of the Immigration Judge's decision ordering him removable and therefore the date on which Petitioner's order of removal became administratively final." 8 U.S.C. § 1231(a)(1)(B). It ended on February 22, 2018 – ninety days after Petitioner's order of removal became final. *See* 8 U.S.C. § 1231(a)(1)(B). Petitioner was not detained for the purpose of enforcing his final removal order until March 26, 2025. [Doc. No. 1] ¶ 14.

Petition presents two core issues. The first is whether Petitioner may be detained at all at this point pursuant to Section 1231, and if so, what limits, if any, apply to that detention. Although neither party has offered any explanation as to why the Government failed to detain Petitioner for over seven years, and the Supreme Court has been silent on *when* the government's power to detain aliens ordered removed must be exercised, the Court concludes, as has other courts, that the government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order at this time. *See Lin v. United States*, No. 5:07-CV-26, 2007 WL 951618, at *3 (S.D. Tex. Mar. 28, 2007) (holding "there is nothing in § 1231 to indicate that the Attorney General cannot enforce those removal orders 'late'").

As for how long Petitioner may constitutionally be detained without being removed, the Supreme Court in *Zadvydas v. Davis* held that detention pursuant to Section 1231 must be "reasonable" and that the detention of a post-removal order alien is "presumptively reasonable" for six months, after which an individual is entitled to habeas relief upon demonstration that the

4

detention is "indefinite"—*i.e.*, that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 701 (2001); *see also Clark v. Suarez–Martinez*, 543 U.S. 371, 377–78 (2005) (extending *Zadvydas* to aliens who are detained under § 1231(a)(6) and inadmissible under § 1182). "If the alien makes these prima facie showings, the burden shifts to the government to provide evidence in rebuttal." *Menghua Wan v. Crawford*, 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (citing *Zadvydas*, 533 U.S. at 701).

Petitioner, having been detained on March 26, 2025, [Doc. No. 1] ¶ 46, has been in custody for approximately seven months, which is beyond the presumptively reasonable six-month period. However, Respondents have represented that Petitioner's travel documents to China were approved earlier this month, the issuance of which will permit Petitioner to board a commercial flight to China. [Doc. No. 3] at 1. Given the present state of the record, the Court cannot find that Petitioner has met his burden to demonstrate "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see Menghua Wan*, 2014 WL 970180, at *3 (finding that removal was reasonably foreseeable where Petitioner was awaiting travel documents from People's Republic of China). In sum, Petitioner's ongoing detention does not violate due process.[3] Should his removal be delayed significantly longer, the Court can revisit whether his detention remains constitutionally sanctioned.

---

[3] The Court need not conduct the *Mathews v. Eldridge* balancing test to assess Petitioner's due process claims because, as Respondents correctly contend, although the analytical framework established in *Mathews* generally controls the analysis of such claims, the *Zadvydas* standard "provides the sole recourse available to a § 1231 detainee challenging his detention on due process grounds." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024).

### IV.   CONCLUSION

For the reasons discussed above, the Petition is **DENIED** without prejudice.

The Clerk is directed to forward a copy of this Order to all counsel of record.


Alexandria, Virginia
October 31, 2025

_____
Anthony J. Trenga
Senior U.S. District Judge